# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS GARCIA,<br><br>              Petitioner,<br>   v.<br>WARDEN,<br><br>              Respondent. | CASE NO. 2:19-cv-03992-DOC (SK)<br><br>**ORDER DISMISSING ACTION FOR LACK OF JURISDICTION** |

      Petitioner is a California state prisoner serving a life sentence without possibility of parole for murder and robbery. On May 7, 2019, he filed a letter requesting an extension of time to file a habeas petition under 28 U.S.C. § 2254, but without an underlying petition. (ECF 1). The Clerk's Office nevertheless assigned a case number for this action (ECF 2), so the Court gave Petitioner 30 additional days to file the actual petition. (ECF 3). But that deadline has now passed with no petition (or other response) being filed. Without an underlying habeas petition, this Court lacks jurisdiction over this action because there is no "case or controversy" to decide. *Calderon v. Ashmus*, 523 U.S. 740, 746 (1998); *see Casaburi v. Warden*, 2013 WL 3367275, at *1 (C.D. Cal. July 3, 2013) (dismissing for lack of jurisdiction letter request for extension of time to file habeas petition where

no petition had been filed).

THEREFORE, this action is DISMISSED without prejudice for lack of jurisdiction. Judgment dismissing this action without prejudice will be entered accordingly.¹

**IT IS SO ORDERED.**

DATED: June 27, 2019

HON. DAVID O. CARTER
U.S. DISTRICT JUDGE

PRESENTED BY:

STEVE KIM
U.S. MAGISTRATE JUDGE

---

¹ While the Court does not decide this issue, Petitioner may still have time to file a timely petition. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (Court may take judicial notice of public state court dockets). The California Supreme Court apparently denied Petitioner's direct appeal on July 11, 2018. (No. S248253). If that is right, and Petitioner pursued no writ of certiorari in the U.S. Supreme Court, his conviction would have become final 90 days later. *See* 28 U.S.C. § 2101; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). From that date, Petitioner would have one year—not including any statutory or gap tolling for properly filed state habeas petitions—to file a petition on time. *See* 28 U.S.C. § 2244(d)(1)(A). Nothing in this order, however, relieves Petitioner of his burden to file a petition on time, nor may it be used to excuse an untimely petition.